**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

---

Digi International, Inc., a Delaware Corporation authorized to do business in Minnesota,

Plaintiff,

v.

Stallion Technologies, Inc., a California Corporation,

Defendant.

---

Court File No. 00-2565 JRT/FLN

**[redacted] ORDER FOR DIGI'S MOTION TO COMPEL DISCOVERY (Number 2)**

This matter came on for hearing before this Court on Plaintiff Digi International, Inc.'s Motion to Compel Discovery (Number 2).

Having considered all moving and opposing papers, the arguments submitted by counsel, and all matters presented to this Court, and good cause appearing therefor, it is hereby ORDERED that Plaintiff's motion is GRANTED.

Therefore, the Court compels Stallion to immediately:

a. search for and produce e-mails, memoranda, and correspondence responsive to Digi's First and Second Sets of Document Requests;

b. produce documents relating to the manufacture of the accused products and identify all manufacturers of the accused products;

c. produce documents and things relating to the technology that Stallion acquired from Wyse;

d. produce all documents relating to Stallion's request for funding for the development of ePipe, including all responses from the Australian government to Stallion's request for funding for the development of ePipe, other correspondence and documents



FILED ____ 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

exchanged between Stallion and the Australian government, and the documents that were listed as attachments in the document bates labeled ST/MPLS 005000-005040;

e. produce all documents relating to the accused products found in Stallion's PTS system, including the PTS documents that were cross-referenced in documents from the PTS system that Stallion produced;

f. produce information and documents revealing prospective and current and former customer's communications with Stallion about the accused products, including customer requests for features of the accused products, and Stallion's responses;

g. produce all TruPort Test Plans and all related documents, and produce documents relating to the testing of the features and capabilities of the accused products;

h. search for and produce responsive documents from Stallion's own California facility;

i. produce documents relating to ePipe, including those found in Stallion's PTS system, design specifications, engineering specifications, requests for development, all ePipe hardware test plans, all DCS test plans, and all test results from tests run that relate to ePipe firmware or ePipe software;

j. fully identify Stallion's "oral opinion" of counsel, including the date of the "oral opinion," the person who provided it to Stallion, to whom at Stallion it was provided, and identify the topic of either opinion of counsel (i.e., infringement and/or validity of the '319 patent); and

k. produce Bill Des Champs and designate witnesses for Digi's three Rule 30(b)(6) deposition notices (Numbers 3, 4, and 5).

In addition, this Court requires Stallion to pay for Digi's reasonable expenses incurred in making this motion, including attorneys' fees, under Rule 37(a)(4) and Rule 37(b)(2)(E) of the Federal Rules of Civil Procedure.

Dated this 20th day of May, 2002.

**BY THE COURT:**

[signature]

Magistrate Judge Franklin L. Noel
United States District Court
For the District of Minnesota

2317730.1