UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Digi International, Inc.,

Plaintiff,

v.

Stallion Technologies, Inc.,

Defendant.

Civil No. 00-2565 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Cole M. Fauver, Esq., & Misti Nelc, Esq., for Plaintiff.
Ernest W. Grumbles III, Esq., & Mark Wine, Esq., for Defendant.

---

This matter came before the undersigned United States Magistrate Judge pursuant to a referral, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), upon Defendant's Motion To Set Aside Entry of Default Pursuant to Fed. R. Civ. P. 55(c) [#80]. A hearing was held on August 13, 2002, before the undersigned United States Magistrate Judge and for reasons which follow, this Court recommends that Defendant's motion to vacate the default be granted.

On November 21, 2000, Plaintiff initiated the instant lawsuit seeking a determination of patent infringement by Defendant. Defendant answered the Complaint. Six months later, pursuant to a stipulation of the Parties, Plaintiff filed an Amended Complaint. Defendant answered and asserted a counterclaim. On May 22, 2002, Plaintiff filed a Second Amended Complaint. Defendant failed to answer the Second Amended Complaint within the time permitted by the rules, and on July 12, 2002, Defendant's Default was entered by the Court Clerk.

The circumstances surrounding the entry of default are closely related to other events in this

AUG 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

case. On May 20, 2002, the Court granted Plaintiff's second motion to compel and ordered that Defendant produce the discovery that was the subject of the motion on or before June 1, 2002. On May 28, 2002, at Defendant's request, the Court conducted a Case Management Conference because the two attorneys primarily responsible for Defendant's representation, Messrs. Wine and Rosenberg, had left the Oppenheimer, Wolff & Donnelly Law Firm and new counsel was unfamiliar with the legal, factual and procedural issues in this case. Accordingly, on May 29, 2002, the Court issued an Amended Pretrial Schedule to provide Defendant's new counsel with more time to become familiar with the case.

On June 1, 2002, Defendant had failed to comply with this Court's aforementioned May 20, 2002, Order. In fact, Defendant did not produce the outstanding discovery until June 13, 2002, and only after Plaintiff filed its motion for sanctions. On June 24, 2002, Mr. Wine and Mr. Rosenberg formally re-entered the case as Defendant's lead counsel.

After learning of Mr. Wine's new appearance in the case, Plaintiff's counsel wrote a letter to Mr. Wine, stating that Defendant was in Default for failing to answer Plaintiff's Second Amended Complaint. Mr. Wine responded to Plaintiff's counsel's reminder and indicated that Defendant would answer during the week of June 24, 2002. However, on July 2, 2002, Mr. Wine sent another letter to Plaintiff's counsel in which he promised that the Answer would be sent "early next week." Defendant failed to answer Plaintiff's Second Amended Complaint until July 12, 2002, the same day Plaintiff filed an Affidavit of Default with the Court Clerk. Mr. Wine's explanation for the delay in filing the answer is that he was too busy conducting and responding to discovery.

While it is clear that Defendant was in default on July 12, 2002, and did not file an answer until after its default had been entered by the Court Clerk, under all of the circumstances, the Court

concludes it would be unjust to allow judgment to be entered on the default. Plaintiff was not substantially prejudiced by the delay. Defendant answered the Original Complaint and the First Amended Complaint. Its failure to file a timely answer to the Second Amended Complaint was a consequence of the commotion surrounding the representation of Defendant.

Having said that, the Court reiterates the displeasure it expressed at the hearing regarding Defendant's apparent lack of interest in defending this case. For now, the Court accepts Mr. Wine's representation that the confusion is over, and that Defendant will, in the future, attend to all of its obligations to Plaintiff and to the Court. Should Defendant fail to follow through on this commitment, the Court will not hesitate to impose appropriate sanctions.

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Court Clerk be directed to set aside the default which was entered in this matter on July 12, 2002.

DATED: Aug 28, 2002

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of this Report and Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection in made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within 10 days a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.